OPINION
{¶ 1} Defendant-appellant, Robert L. Arrone, appeals his conviction and sentence in the Madison County Common Pleas Court on one second-degree felony count of drug possession in violation of R.C. 2925.11(A). For the reasons set forth below, we affirm appellant's conviction and sentence.
 {¶ 2} On December 29, 2007, the London Police Department obtained a search warrant for a house located at 56 South Madison Road in London. The department received *Page 2 
information that crack cocaine was being sold out of the house, and had arranged for an informant to make a controlled purchase of crack cocaine on December 28, 2007. Upon executing the warrant, the officers located three women in the living room of the house and encountered appellant in what was characterized at trial as a "small hallway" near the kitchen. The hallway extended toward a bedroom and bathroom.
 {¶ 3} After the officers had secured appellant and the female occupants, they searched the house for contraband. While searching the bedroom, the officers observed small plastic bags of what appeared to be crack cocaine on top of a digital scale on a dresser. They also observed a piece of glass, a razor blade, and a cell phone on the dresser. The phone was later determined to belong to appellant. The officers further observed appellant's driver's license on the bed. During a search of the bathroom, the officers found two plastic bags, also appearing to contain crack cocaine, in the toilet bowl.
 {¶ 4} At trial, the state also presented the testimony of the property renter, Robin Tipton. Tipton was one of the female occupants in the living room at the time of the search, and testified that she had assisted appellant in selling drugs out of the house. According to Tipton, appellant had been living at the house for approximately three weeks, and was occupying the bedroom. Tipton testified that appellant provided her with crack cocaine as payment for allowing him to use the house to sell drugs, and further testified that the crack cocaine found in the house belonged to appellant.
 {¶ 5} Sergeant David Litchfield, who interviewed appellant upon his arrest, testified that appellant denied having any knowledge of the crack cocaine found in the bedroom or bathroom. However, according to Litchfield, when he asked appellant if he knew why police came to the house, appellant replied, "yes, because of the drugs." Appellant told Litchfield that he was from Dayton and had been staying at the house for approximately five days. Appellant did not offer any explanation as to why he was there. Although he told Litchfield *Page 3 
that he was unemployed, appellant had approximately $986 in cash in his pocket.
 {¶ 6} At trial, the parties did not contest the amount of crack cocaine found at the house, and stipulated to the accuracy of a laboratory report from the Bureau of Criminal Identification and Investigation. The BCI report indicated that the plastic bags found in the bedroom and bathroom contained a total of 20.3 grams of crack cocaine.
 {¶ 7} On January 11, 2008, appellant was indicted on one count each of the following: (1) possession of crack cocaine in an amount equal to or greater than ten grams, but less than 25 grams, in violation of R.C. 2925.11(A), a felony of the second degree; and (2) possession of crack cocaine in an amount greater than 25 grams, in violation of R.C. 2925.11(A), a felony of the first degree. Following a jury trial on March 18, 2008, appellant was convicted of count one, and sentenced to five years in prison and three years of post release control.[1]
 {¶ 8} Appellant appealed his conviction and sentence, advancing three assignments of error for our review.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENSE COUNSEL'S RULE 29 MOTION FOR ACQUITTAL[.]"
 {¶ 11} In his first assignment of error, appellant contends that the trial court erred in failing to grant his Crim. R. 29 motion for judgment of acquittal.
 {¶ 12} Pursuant to Crim. R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * *, if the evidence is insufficient to sustain a conviction of such offense or offenses." The purpose of a motion for acquittal is to "test[ ] the *Page 4 
sufficiency of the evidence presented at trial." State v. Terry, Fayette App. No. CA2001-07-012, 2002-Ohio-4378, ¶ 9, citing State v.Williams, 74 Ohio St.3d 569, 576, 1996-Ohio-91; State v. Miley (1996),114 Ohio App.3d 738, 742. Therefore, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, paragraph one of the syllabus. A trial court's decision to deny a motion for acquittal based upon the sufficiency of the evidence will be upheld if, construing the evidence in a light most favorable to appellee, any rational fact-finder could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 430,1997-Ohio-372.
 {¶ 13} Appellant was convicted of violating R.C. 2925.11(A) which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). A person may be in actual or constructive possession of a substance. SeeState v. Wolery (1976), 46 Ohio St.2d 316, 329. Constructive possession exists when a person exercises dominion and control over something even though it is not within his immediate physical possession. State v.Hankerson (1982), 70 Ohio St.2d 87, 91. In addition, "ownership need not be proven to establish constructive possession." State v. Collins, Summit App. No. 23005, 2006-Ohio-4722, at ¶ 11, citing State v.Mann (1993), 93 Ohio App.3d 301, 308. Circumstantial evidence that a person was located in close proximity to readily usable drugs may be used to show that the person was in constructive possession of the drugs. State v. Barr (1993), 86 Ohio App.3d 227, 235.
 {¶ 14} With respect to the culpability required to commit the offense, the element *Page 5 
"knowingly" is defined as "when [a defendant] is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). To act knowingly, a defendant merely has to be aware that the result may occur. State v. Nutekpor, Wood App. No. WD-05-062, 2006-Ohio-4641, ¶ 15, citing State v. Edwards (1992),83 Ohio App.3d 357, 361. The Ohio Supreme Court has concluded that if a defendant's mental state is difficult to demonstrate with direct proof, it may be "inferred from the surrounding circumstances." State v.Logan (1979), 60 Ohio St.2d 126, 131.
 {¶ 15} Upon review of the record, we conclude that there was sufficient evidence presented from which the jury could find that appellant knowingly possessed the crack cocaine at issue. Although Sergeant Litchfield testified that appellant denied having any knowledge of the cocaine discovered in the house, he also testified that upon asking appellant if he knew why the police had conducted the search, appellant responded, "because of the drugs." In addition, although no drugs were found on appellant's person, the evidence at trial indicated that of the four occupants in the house, appellant was located in closest proximity to the crack cocaine found in the bedroom and bathroom. Tipton testified that the crack cocaine belonged to appellant, and his cell phone and driver's license were also found near the contraband.
 {¶ 16} Construing the foregoing evidence in favor of the state, as we are required to do, we conclude that the elements of drug possession were proved beyond a reasonable doubt. Accordingly, the trial court did not err in denying appellant's motion for acquittal.
 {¶ 17} Appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE DEFENDANT[']S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO TESTIMONY FROM THE INVESTIGATING OFFICER REGARDING CUSTOMS/HABIT[S] OF DRUG TRAFFICKERS[.]" *Page 6 
 {¶ 20} In his second assignment of error, appellant contends that his trial counsel's failure to object to Sergeant Litchfield's testimony regarding "the practice and custom of other drug offenders and their means of trafficking," constituted ineffective assistance of counsel.
 {¶ 21} In reviewing a claim of ineffective assistance of counsel, an appellate court must determine: (1) whether counsel's performance fell below an objective standard of reasonable professional competence, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors prejudiced appellant such that he was deprived of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687-688,694, 104 S.Ct. 2052. In performing its review, an appellate court is not required to examine counsel's performance under the first prong of theStrickland test if an appellant fails to prove the second prong of prejudicial effect. See State v. Salahuddin, Cuyahoga App. No. 90874,2009-Ohio-466, ¶ 28, citing State v. Bradley (1989), 42 Ohio St.3d 136. "The object of an effectiveness claim is not to grade counsel's performance.'" Id., quoting Bradley at 143.
 {¶ 22} In order to demonstrate an error in counsel's actions, an appellant must overcome the strong presumption that licensed attorneys are competent, and that the challenged action is the product of sound trial strategy and falls within the wide range of reasonable professional assistance. Strickland at 690-91. In demonstrating resulting prejudice, an appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Id. To that end, the trial must be shown to be so demonstrably unfair that there is a reasonable probability the result would have been different absent the attorney's deficient performance. Id. at 693.
 {¶ 23} The specific testimony challenged by appellant involves Sergeant Litchfield's statements as to how crack cocaine is brought into the city of London. Litchfield testified that based on his knowledge and experience, nonresident drug dealers typically "take over" a drug user's home in order to sell drugs out of the residence. He further testified that the *Page 7 
dealers usually give the property owner or renter drugs or money as return payment for the use of the property. Appellant contends that this testimony was both irrelevant and prejudicial, and further mislead the jury into questioning the court during its deliberations as to why appellant had not been charged with drug trafficking.
 {¶ 24} Upon review of the record, we conclude that appellant has failed to demonstrate that his trial counsel's performance was seriously flawed and deficient so as to constitute the ineffective assistance of counsel. We note that generally, a failure to object is viewed as trial strategy and alone will not establish an ineffective assistance claim. See State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 103. Nevertheless, an examination of counsel's performance in this case is not necessary, as appellant has not established a reasonable probability that he was prejudiced as a result of his counsel's alleged ineffectiveness. Litchfield's testimony was supported by Tipton's account of the circumstances surrounding appellant's presence in the house, and further provided the basis for the initial police investigation. In addition, although the jury questioned the court during deliberations as to why appellant had not been charged with drug trafficking, there is no evidence to suggest that this question was raised as a direct result of Litchfield's testimony, or that this testimony alone somehow "mislead" the jury or prejudiced appellant's defense. As previously discussed, Tipton testified that appellant had been selling drugs out of the house. In light of the evidence presented to support his conviction for drug possession, appellant has not demonstrated that he would have been acquitted of the charge absent Sergeant Litchfield's testimony.
 {¶ 25} As a result of the foregoing, appellant's second assignment of error is overruled.
 {¶ 26} Assignment of Error No. 3:
 {¶ 27} "THE SENTENCE IMPOSED UPON THE [sic] DEFENDANT/APPELLANT IS *Page 8 
EXCESSIVE GIVEN THE LACK OF THE [sic] DEFENDANT'S CRIMINAL HISTORY AND IS THEREFORE CONTRARY TO LAW[.]"
 {¶ 28} In his final assignment of error, appellant contends that his five-year prison sentence was not supported by the record because appellant had only one prior misdemeanor conviction. We find this argument without merit.
 {¶ 29} The Ohio Supreme Court has held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 100. "In applyingFoster * * *, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, ¶ 4. An abuse of discretion is "`more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. at ¶ 19. (Internal citations omitted.)
 {¶ 30} Our review of the record demonstrates that appellant's sentence is not contrary to law. The trial court specifically referred to the concepts contained in R.C. 2929.11 and R.C. 2929.12 when it stated that it had considered the purposes and principles of sentencing, and balanced those against the applicable seriousness and recidivism factors. In addition, the court properly applied postrelease control, and sentenced appellant to a prison term within the statutory range for the offense. Id. at ¶ 18; R.C. 2929.14(A)(2).
 {¶ 31} Moreover, after reviewing the record, we find no abuse of discretion in the trial court's sentencing decision. The court determined that appellant's conduct was more serious then that normally constituting the offense of possession, because of the additional evidence *Page 9 
presented that appellant was selling drugs out of the house. Accordingly, we find no indication the court acted unreasonably, arbitrarily, or unconscionably in imposing a five-year prison sentence. Id. at j|19.
 {¶ 32} Appellant's third assignment of error is therefore overruled.
 {¶ 33} Judgment affirmed.
WALSH and RINGLAND, JJ., concur.
[1] The record indicates that the second felony drug possession count was dismissed prior to trial. *Page 1