[Cite as *State v. Graves*, 2015-Ohio-3936.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


|                              |   |                         |
| ---------------------------- | - | ----------------------- |
| STATE OF OHIO,               | : |                         |
|                              |   | CASE NO. CA2015-03-022  |
| Plaintiff-Appellee,          | : |                         |
|                              |   | O P I N I O N           |
|                              | : | 9/28/2015               |
| - vs -                       |   |                         |
|                              | : |                         |
| MICHAEL KENNETH GRAVES,      | : |                         |
|                              |   |                         |
| Defendant-Appellant.         | : |                         |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 00528


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Michael Kenneth Graves, appeals from the convictions and sentence he received in the Clermont County Court of Common Pleas after a jury found him guilty of possession of heroin, aggravated possession of drugs, trafficking in heroin, and aggravated trafficking in drugs. For the reasons stated below, we affirm.

{¶ 2} In September 2014, Graves was indicted by a Clermont County Grand Jury

charging him with one count of possession of heroin, a second-degree felony, and one count of aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A). Graves was also charged with one count of trafficking in heroin, a first-degree felony, and one count of aggravated trafficking in drugs, a third-degree felony, in violation of R.C. 2925.03(A)(2). The charges stemmed from an investigation by the Union Township Police Department into a possible shooting that eventually led law enforcement to a hotel room in Batavia, Ohio. When police gained access to the hotel room, they discovered Graves, Zontea D. Shealy, and others inside, along with bags of heroin and fentanyl, digital scales, a firearm, and additional items associated with drug trafficking. Shealy was also charged with drug offenses as a result of this incident.

{¶ 3} While his criminal charges were pending, Graves filed a motion to suppress. The trial court denied the motion reasoning that Graves did not have standing to raise a Fourth Amendment claim regarding law enforcement's search of the hotel room because Graves did not have a reasonable expectation of privacy in the room. After the denial of Graves' motion to suppress, the cases involving Graves and Shealy were consolidated for trial.

{¶ 4} On January 26, 2015, a jury trial was held. After the conclusion of the evidence, the jury found Graves guilty as charged on all counts of the indictment. At the sentencing hearing, the trial court merged the possession of heroin conviction into the trafficking in heroin conviction and also merged the aggravated possession of drugs conviction into the aggravated trafficking in drugs conviction. The trial court then sentenced Graves to a 5-year prison term for trafficking in heroin and a 12-month prison term for aggravated trafficking in drugs, to be served concurrently, for an aggregate prison term of 5 years.

{¶ 5} Graves now appeals, asserting four assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTION TO SUPPRESS.

{¶ 8} Graves argues the trial court erred in denying his motion to suppress based upon his lack of standing to assert a Fourth Amendment violation. Graves maintains that he had an expectation of privacy in the hotel room because he was an occupant of the room. We disagree.

{¶ 9} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Brannon*, 12th Dist. Clinton No. CA2014-09-012, 2015-Ohio-1488, ¶ 24. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Cruz*, 12th Dist. Preble No. CA2013-10-008, 2014-Ohio-4280, ¶ 12. In turn, the appellate court must accept the trial court's findings of fact so long as they are supported by competent, credible evidence. *Id.* at ¶ 13. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Swift*, 12th Dist. Butler No. CA2013-08-161, 2014-Ohio-2004, ¶ 9.

{¶ 10} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals from unreasonable governmental searches and seizures. *State v. Grant*, 12th Dist. Preble No. CA2014-12-014, 2015-Ohio-2464, ¶ 13. Fourth Amendment privacy rights are "personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133, 99 S.Ct. 421 (1978). Consequently, a person who alleges error by the use of evidence taken from someone else's property cannot claim that his own rights have been violated. *State v.*

*Coleman*, 45 Ohio St.3d 298, 306 (1989). Only those whose personal rights have been violated can raise Fourth Amendment claims. *Id.* Thus, in order to challenge a search or seizure on Fourth Amendment grounds, a defendant must possess a legitimate expectation of privacy in the area searched, and the burden is upon the defendant to prove facts sufficient to establish such expectation. *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547 (1980); *State v. Campbell*, 12th Dist. Butler Nos. CA2014-02-048 and CA2014-02-051, 2014-Ohio-5315, ¶ 16.

{¶ 11} The United States Supreme Court has recognized that occupants of a hotel room have a reasonable expectation of privacy that the Fourth Amendment protects. *Stoner v. California*, 376 U.S. 483, 490, 84 S.Ct. 889 (1964). Additionally, an overnight guest may have a legitimate expectation of privacy in another's home; however, an individual who is merely present with the consent of the householder may not. *Minnesota v. Carter*, 525 U.S. 83, 89, 119 S.Ct. 469 (1998); *Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684 (1990). A defendant does not have a reasonable expectation of privacy in a hotel room when the defendant did not pay for the room, was not a registered guest, and was not an overnight guest. *State v. Coleman*, 118 Ohio App.3d 522, 526 (8th Dist.1997). Similarly, a defendant who "had neither rented the room, paid for the room, nor had access to the room with a key or a key card," and was not an overnight guest did not have standing to assert Fourth Amendment rights in the hotel room. *State v. Moore*, 2d Dist. Montgomery No. CA20198, 2004-Ohio-3783, ¶ 12-13.

{¶ 12} Upon a thorough review of the record, we find that Graves did not have a reasonable expectation of privacy in the hotel room. At the suppression hearing, the hotel's registration documents showed that Graves was not listed as either renting the room or as a registered guest. There was also no evidence demonstrating Graves was an overnight guest. Graves did not set forth any information as to when he arrived at the hotel, when he

planned to leave, or that he had any personal effects in the room. The detectives testified that the hotel room was average size with two queen beds. However, numerous individuals were found in the room, including four adults and one child. The renter of the room was also found in the hotel's parking lot. There was also no indication at the hearing that the beds had been used, particularly by Graves.

{¶ 13} Based on the evidence submitted at the suppression hearing, we find Graves was simply a visitor in the hotel room. In turn, Graves did not have a reasonable expectation of privacy and did not have standing to challenge law enforcement's warrantless search. Therefore, the trial court did not err in denying Graves' motion to suppress the evidence. Accordingly, Graves' first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN APPELLANT'S CONVICTIONS.

{¶ 16} Graves argues his trafficking and possession convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. Specifically, Graves maintains that the state did not prove he possessed heroin or fentanyl or that he was involved in the preparation or transportation of heroin or fentanyl intended for sale. We disagree.

{¶ 17} At the outset, we note that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1987); *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 41. Nevertheless, although the two concepts are different, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶

19. Therefore, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 18} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 19} However, while appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, "these issues are primarily matters for the trier of fact to decide." *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *Thompkins*, 78 Ohio St.3d at 387.

{¶ 20} Graves was convicted of possession of heroin and aggravated possession of drugs in violation of R.C. 2925.11(A), which provides, "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Possession of heroin is a second-degree felony if the amount of heroin equals or exceeds 10 grams but is less than 50 grams. R.C. 2925.11(C)(6)(d). Aggravated possession of drugs is a fifth-degree felony when the defendant possesses fentanyl. R.C. 2925.11(C)(1)(a).

{¶ 21} Graves was also convicted of trafficking in heroin and aggravated trafficking in drugs in violation of R.C. 2905.03(A)(2), which provides, "[n]o person shall knowingly * * * [p]repare for shipment * * * prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."  Trafficking in heroin is a first-degree felony if the amount of the drug equals or exceeds 10 grams but is less than 50 grams and the offense was committed in the vicinity of a juvenile.  R.C. 2925.03(C)(6)(e).  Aggravated trafficking in drugs is a third-degree felony when the defendant traffics fentanyl in the vicinity of a juvenile.  R.C. 2925.03(C)(1)(b).

{¶ 22} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."  R.C. 2925.01(K). Possession may be actual or constructive.  Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession.  *State v. Gaefe*, 12th Dist. Clinton No. CA2001-11-043, 2002-Ohio-4995, ¶ 9.  Constructive possession may be proven by circumstantial evidence alone.  *State v. Williams*, 12th Dist. Butler No. CA2014-09-180, 2015-Ohio-2010, ¶ 15.  Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, are evidence that the trier of fact can consider in determining whether the defendant had constructive possession.  *Id.*  The discovery of readily accessible drugs in close proximity to the accused constitutes circumstantial evidence that the accused was in constructive possession of the drugs.  *State v. Moore*, 12th Dist. Warren No. CA2014-10-121, 2015-Ohio-2466, ¶ 21.

{¶ 23} After a thorough review of the record, we find Graves' convictions for possession of heroin, aggravated possession of drugs, trafficking in heroin, and aggravated trafficking of drugs were not against the manifest weight of the evidence. At trial, Union Township Police Department Detective Keith Puckett testified that he was investigating a possible shooting involving Shealy and this led him to a hotel in Batavia, Ohio. He, Detective David Combs, and Clermont County Narcotics Task Force Agent Ken Mullis knocked on the hotel room door believed to contain Shealy when a woman opened the door. Inside the room, he found Graves, Shealy, two women, and a child. Detective Puckett observed Graves sitting at a small desk and Shealy leaning over the desk giving Graves a plastic bag. The bag contained an off-white substance that Detective Puckett believed to be drugs. When the law enforcement officers came into the room, Shealy dropped the bag on the desk. Detective Combs also noticed a digital scale on the desk and both the scale and the bag of drugs were located in such a position that Graves could have easily picked up either item.

{¶ 24} The detectives explained the off-white substance in the bag was later identified as 10 grams of heroin. The scale found next to Graves had a white residue which tested positive for heroin and fentanyl. Agent Mullis testified that another bag containing .488 grams of heroin and fentanyl was found lying underneath a window in the hotel room, mere feet from the desk where Graves was sitting. He stated that from the proper vantage point, the bag was "open and obvious." Agent Mullis explained fentanyl is a controlled substance that is often mixed with heroin and sold.

{¶ 25} Other items indicative of drug trafficking were also found in the room. Law enforcement discovered six cell phones, a razor blade in the desk drawer where Graves was sitting, a second digital scale, and small torn-up pieces of paper. Agent Mullis explained that multiple cell phones are indicative of drug trafficking and razor blades are used to break up rocks of heroin into powder so the heroin can be weighed and sold. Detective Puckett

explained the small pieces of paper are used to make "bindles" to package heroin for sale. He stated heroin is typically sold in one or two-tenths of a gram doses and, therefore, the amount of heroin found in the room was enough for over 100 one-tenth of one gram bindles or 50 two-tenths of one gram bindles. Lastly, Detective Puckett stated he did not observe any items normally associated with heroin users, such as needles, caps, spoons, or cut-off straws.

{¶ 26} Graves argues he never actually possessed the heroin, the fentanyl, the scale, or the other drug trafficking items and the state did not prove he exercised dominion and control over these items. However, the evidence established that the drugs, scale, and other items were in close proximity and in open view of Graves. *See State v. Moore*, 12th Dist. Butler No. CA2005-08-366, 2006-Ohio-4556, ¶ 32 (possession where drugs and scale on table where defendant sitting). Moreover, the evidence established the amount of drugs present in the room along with the scale, papers, razor, and multiple cell phones are consistent with items associated with drug trafficking. After reviewing the record, we cannot say the jury clearly lost its way and created such a manifest miscarriage of justice that Graves' convictions must be reversed.

{¶ 27} In light of the foregoing, having found Graves' convictions for possession of heroin, aggravated possession of drugs, trafficking in heroin, and aggravated trafficking in drugs were not against the manifest weight of the evidence, we necessarily conclude the state presented sufficient evidence to support the jury's findings of guilt. Accordingly, Graves' second assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS THUS PREJUDICING HIS RIGHT TO A FAIR TRIAL.

{¶ 30} Graves argues his convictions must be reversed because he received ineffective assistance of trial counsel. We disagree.

{¶ 31} Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. In turn, to prevail on an ineffective assistance of counsel claim, Graves must show his trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984); *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. In order to demonstrate prejudice, Graves must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of trial would have been different. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 42. A "reasonable probability" is a probability that is "sufficient to undermine confidence in the outcome." *Strickland* at 694. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 32} Initially, Graves argues his trial counsel rendered ineffective assistance by failing to develop testimony regarding Graves' standing in the hotel room during the suppression hearing. As stated in the first assignment of error, the trial court correctly denied Graves' motion to suppress because Graves did not have standing to challenge law enforcement's entry into the room. Graves did not set forth evidence demonstrating his expectation of privacy such as his length of stay or his personal property in the room. While Graves' trial counsel did not set forth this evidence at the suppression hearing, during trial both Detective Puckett and Detective Combs stated that luggage, clothing, and other items of personal property were found in the hotel room. Graves maintains his trial counsel should

- 10 -

have recognized standing would be challenged and elicited testimony from the detectives regarding whether any of the property was Graves.

{¶ 33} We find Graves' trial counsel was not ineffective for failing to develop testimony regarding standing. Graves has not demonstrated that he was prejudiced as a result of trial counsel's alleged errors. While the trial testimony established there was personal property in the hotel room, there was no indication that any of the property belonged to Graves. Instead, the evidence demonstrated there were several individuals in the room, Graves did not rent the room, and Graves was not listed as a registered guest. Therefore, even if trial counsel had developed more testimony related to standing, the evidence is insufficient to establish Graves would have had an expectation of privacy in the room. Consequently, Graves cannot show that but for trial counsel's errors, there is a reasonable probability that the outcome of the motion to suppress would have been different.

{¶ 34} Graves also argues trial counsel was ineffective for failing to file a motion in limine or to object at trial to the admissibility of a gun found in the hotel room. Graves maintains that the state used the gun as evidence of drug trafficking and this was unduly prejudicial because there was no indication Graves was aware of the gun. We find that Graves' trial counsel did not render ineffective assistance for failing to challenge the admissibility of the gun at trial.

{¶ 35} During trial, Detective Puckett and Agent Mullis testified that a firearm was found in the hotel room. While Agent Mullis went on to state that "people involved in these crimes aren't permitted to possess firearms" and it is not unusual to find firearms in a drug trafficking case, this testimony was objected to and stricken from the record. Shealy's trial counsel objected to Agent Mullis' statements and the trial court sustained the objection and instructed the jury to disregard the statements. The state also did not argue to the jury in closing that the gun was evidence of drug trafficking.

{¶ 36} Based on the circumstances presented in this case, we find Graves' trial counsel was not ineffective for failing to challenge the admissibility of the gun as evidence of drug trafficking because the state was not allowed to argue that the gun was such evidence. While Shealy's trial counsel made the objections, Graves did not suffer any prejudice by the failure of this trial counsel to do so. Moreover, even excluding the testimony regarding the firearm, the evidence still established that law enforcement found two bags of drugs and a scale with heroin and fentanyl residue within feet of Graves, a second digital scale, a razor blade, multiple cell phones, and small papers consistent with making bindles to package heroin. Therefore, Graves' trial counsel was not ineffective. Accordingly, Graves' third assignment of error is overruled.

{¶ 37} Assignment of Error No. 4:

{¶ 38} THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT ON ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 39} Graves argues the trial court erred by failing to merge his trafficking in heroin and aggravated trafficking in drugs convictions as they were allied offenses of similar import. We again disagree.

{¶ 40} Graves failed to raise the issue of allied offenses to the trial court. As recently stated by the Ohio Supreme Court, "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 3.

{¶ 41} Pursuant to R.C. 2941.25, Ohio's multiple-count statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Brown*, 186 Ohio App.3d 437, 2010-Ohio-324, ¶ 7 (12th Dist.). Specifically, R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 42} Although previously applying the two-part test as outlined in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court clarified the test for allied offenses in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. Under the *Ruff* test, in determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, "courts must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. In conducting this analysis, if any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance, in other words, each offense caused separate, identifiable harm; (2) the offenses were committed separately; and (3) the offenses were committed with separate animus or motivation. *Id.* at ¶ 25. In other words, "offenses are not allied offenses of similar import if they are not alike in their significance and their resulting harm." *Id.* at ¶ 21.

{¶ 43} In the present case, Graves was convicted of trafficking in two different types of drugs. Graves was convicted of trafficking in heroin stemming from his possession of a bag containing 10 grams of heroin. Graves was also convicted of aggravated trafficking of drugs by trafficking fentanyl. Graves' aggravated trafficking in drugs conviction stemmed from his possession of a second bag that contained .488 grams of drugs, which included an unspecified amount of fentanyl and heroin. Graves argues his convictions are allied because

- 13 -

the trafficking offenses were committed at the same time in the same hotel room and because both bags contained heroin.

{¶ 44} Despite Graves' arguments to the contrary, his trafficking in heroin and aggravated trafficking in drugs convictions are not allied offenses of similar import. This court has found that trafficking convictions involving different types of drugs are not allied offenses. *State v. Daniels*, 12th Dist. Fayette No. CA2014-05-010, 2015-Ohio-1346, ¶ 17. In *Daniels*, we reasoned the trafficking offenses were committed separately with a separate animus because "[e]ach trafficking offense required proof specific to that drug and could not be supported by trafficking in a different controlled substance." *Id.* Graves' trafficking convictions involved two different types of drugs, heroin and fentanyl, and each conviction could not be supported by trafficking in a different illegal substance. Therefore, Graves' trafficking convictions are not allied offenses of similar import. Accordingly, Graves' fourth assignment of error is overruled.

{¶ 45} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.