[Cite as *State v. Fultz*, 2016-Ohio-1486.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO.   CA2015-06-103 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>4/11/2016 |
| - vs - | : | |
| | : | |
| CRYSTAL FULTZ, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-07-1174

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Neal D. Schuett, 121 West High Street, Oxford, Ohio 45056, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Crystal Fultz, appeals her convictions in the Butler County Court of Common Pleas for possession of drugs, heroin, and drug paraphernalia.

{¶ 2}  On July 22, 2014, during a search of a bedroom temporarily occupied by appellant, the police found 38 tablets containing heroin, 78 tablets containing Alprazolam, a schedule IV controlled substance whose brand name is Xanax, a cut straw in a purse, and a syringe.  No drugs or drug paraphernalia were found on appellant's person.  Appellant was

subsequently indicted on one count each of possession of heroin, possession of drugs, possession of drug paraphernalia, and possession of drug abuse instruments. A two-day jury trial was held in April 2015. The two police officers who searched the bedroom testified on behalf of the state. Appellant testified on her behalf. Appellant denied the pills and drug paraphernalia were hers and denied she knew they were in the bedroom. She also denied the purse was hers. On April 22, 2015, the jury found appellant guilty of possessing heroin, the Alprazolam pills, and the straw, but not guilty of possessing the syringe. Thereafter, appellant was sentenced accordingly.

{¶ 3} Appellant now appeals and raises two assignments of error which will be addressed together.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT APPELLANT FOR POSSESSION OF HEROIN, POSSESSION OF DRUGS, AND POSSESSION OF DRUG PARAPHERNALIA.

{¶ 6} Assignment of Error No. 2:

{¶ 7} APPELLANT'S CONVICTIONS FOR POSSESSION OF HEROIN, POSSESSION OF DRUGS, AND POSSESSION OF DRUG PARAPHERNALIA WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Appellant argues her convictions for possession of heroin, drugs, and drug paraphernalia are not supported by sufficient evidence and are against the manifest weight of the evidence because the state failed to prove she knowingly possessed the straw found in the purse, the heroin, and the Alprazolam pills. Appellant asserts the evidence at trial simply showed she was in a room that contained drugs and drug paraphernalia.

{¶ 9} When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine

whether such evidence, viewed in a light most favorable to the prosecution, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 17.

{¶ 10} In determining whether a judgment is against the manifest weight of the evidence, an appellate court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Cooper*, 12th Dist. Butler No. CA2010-05-113, 2011-Ohio-1630, ¶ 7. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency. *Jones* at ¶ 19.

{¶ 11} Appellant was convicted of possession of drugs and possession of heroin in violation of R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance[.]" Appellant was also convicted of the illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), which provides that "no person shall knowingly use, or possess with purpose to use, drug paraphernalia."

{¶ 12} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession. *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 22. Constructive possession may be

proven by circumstantial evidence alone. *Id.* Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, are evidence that the trier of fact can consider in determining whether the defendant had constructive possession. *Id.*

{¶ 13} The discovery of readily accessible drugs in close proximity to the accused constitutes circumstantial evidence that the accused was in constructive possession of the drugs. *Id.* Likewise, possession of drug paraphernalia may be inferred when the evidence demonstrates that the defendant was in close proximity to the items and that items were readily accessible. *State v. Brown*, 12th Dist. Butler No. CA2013-03-043, 2014-Ohio-1317, ¶ 17.

{¶ 14} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). To act knowingly, a defendant merely has to be aware that the result may occur. *State v. Arrone*, 12th Dist. Madison No. CA2008-04-010, 2009-Ohio-1456, ¶ 14. A defendant's mental state may be "inferred from the surrounding circumstances." *Id.*, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979).

{¶ 15} Upon thoroughly reviewing the record, we find that appellant's convictions for possession of heroin, possession of drugs, and possession of drug paraphernalia are not against the manifest weight of the evidence.

{¶ 16} Testimony at trial revealed that on July 22, 2014, two Middletown police officers, Officer Sam Allen and Officer Ryan Morgan, went to the home of appellant's aunt following a call from Joshua Justice that appellant was using drugs in front of children. At the residence, Officer Morgan met and spoke with appellant's aunt. The aunt told the officer that appellant had a drug problem; however, she had not seen appellant use drugs in front of

children. The aunt told the officer that appellant and her 11-year-old daughter were in a back bedroom which was accessible through a separate entrance at the rear of the house. The officers went to the back of the house. As they knocked on the bedroom door, it swung open. The officers observed appellant lying over pillows on a bed with her daughter. The bedroom was a small room, 10 feet by 15 feet, and contained men's and women's clothing.

{¶ 17} Upon seeing the officers, appellant immediately sat up, got out of bed, and stepped outside, closing the door behind her. The officers testified that each time appellant stepped in and out of the bedroom, she always closed the door behind her. When told about the nature of the complaint, appellant acknowledged having a drug problem but denied doing drugs in front of the children, and claimed Justice "was just upset with her" because she had recently filed charges against him. The officers testified appellant was upset and agitated. Subsequently, Officer Morgan spoke to appellant's daughter outside while Officer Allen spoke to appellant inside the bedroom.

{¶ 18} In the bedroom, Officer Allen noticed a tin plate slightly protruding from underneath an end table next to the side of the bed where appellant had been lying. The plate had some off-white powdery substance residue and a piece of paper rolled up in the shape of a small straw. Consequently, the officers obtained the consent of appellant's aunt to search the bedroom and the rest of the house for drugs. When the search yielded several hypodermic needles and a syringe, appellant denied they were hers and told the officers she does not shoot heroin but rather snorts pills.

{¶ 19} Subsequently, while searching the bedroom, Officer Allen found a purse on the floor on the opposite side of the bed where appellant had been lying. Inside the purse was a small cut straw. Officer Allen also found three bags of pills in the pillowcase of the pillow upon which appellant had been lying. Some pills contained heroin; the others, Alprazolam. Throughout the search, appellant became more nervous and agitated and told the officers

she did not live in the house, was not the only person using the bedroom, and in fact only used the bedroom when she would come over to see her children.

{¶ 20} Officer Allen testified that although the purse did not have any identification inside, he believed it was appellant's because "as we pulled some items out of it, [appellant] was trying to take the purse away from us" and "tried to grab the purse away." In addition, after appellant was arrested and taken out of the house, she claimed the purse as hers and it was booked as her property. During the booking process, appellant provided her aunt's house as her address. At the time of the search, only three persons were present in the house: appellant, her daughter, and her aunt.

{¶ 21} Appellant denied possession of the straw, the syringe, the tin plate, the heroin, and the Alprazolam pills and denied she knew these items were in the bedroom. Appellant also denied possession of the purse. Appellant testified she has never carried a purse and in fact had no purse when she was released from jail. Appellant testified she could not have been lying on the pillow that had the pills because the pillow was wedged between the bed and the wall.

{¶ 22} Appellant denied she was living at her aunt's house and denied the bedroom was hers. Rather, appellant claimed the bedroom belonged to her male cousin and another woman. Appellant, however, admitted she had been temporarily staying at her aunt's house for at least three days before the incident. Appellant testified that at the time of her arrest, she had relapsed and was snorting heroin by using a rolled up "dollar bill or something." Appellant admitted telling the officers she had a drug problem. She also admitted past use of Alprazolam. Appellant testified she was nervous and agitated during the search because the officers did not believe her when she denied possession of the drugs and drug paraphernalia. She also testified she never told the officers the room was her cousin's because she did not want to snitch.

{¶ 23} We find that circumstantial evidence shows appellant knowingly and constructively possessed the heroin, the Alprazolam pills, and the straw found in the bedroom. The fact appellant had been staying at her aunt's house for at least three days and was using the bedroom, and the fact only three persons were in the house at the time of the search show appellant had dominion and control of the room where the drugs and drug paraphernalia were found. An individual need not reside at a particular address in order to possess drugs found inside. *State v. Williams*, 12th Dist. Butler No. CA2014-09-180, 2015-Ohio-2010, ¶ 17. A frequent visitor to a home can be found to have constructive possession of drugs found inside. *Id.* The discovery of the drugs and drug paraphernalia in the small bedroom shows they were readily accessible and in close proximity to appellant, and thus, constitutes circumstantial evidence appellant was in constructive possession of them. *Graves*, 2015-Ohio-3936 at ¶ 22; *Brown*, 2014-Ohio-1317 at ¶ 17. Appellant's conduct with regard to the purse, which contained the cut straw, supports a finding the purse belonged to her, and thus, that she possessed its contents. Finally, appellant's behavior and nervousness during the search shows that she knowingly possessed the drugs and drug paraphernalia found in the bedroom.

{¶ 24} We decline to overturn the verdicts because the jury did not believe testimony presented on appellant's behalf. "When conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." *State v. Childers*, 12th Dist. Warren No. CA2014-02-034, 2014-Ohio-4895, ¶ 24. As the trier of fact in this case, the jury was in the best position to judge the credibility of witnesses and the weight to be given the evidence. *Id.* The jury was thus free to accept or reject any or all of appellant's evidence. *Id.*

{¶ 25} In light of all of the foregoing, and after carefully reviewing the record, we find that the jury did not lose its way in finding appellant guilty of possession of heroin, possession

of drugs, and possession of drug paraphernalia. Having found that appellant's convictions for possession of drugs, possession of heroin, and possession of drug paraphernalia were not against the manifest weight of the evidence, we necessarily conclude the state presented sufficient evidence to support the jury's finding of guilt. *Jones*, 2013-Ohio-150 at ¶ 19.

{¶ 26} Appellant's first and second assignments of error are overruled.

{¶ 27} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.