[Cite as *State v. Carson*, 2024-Ohio-30.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-04-009 |
| | : | O P I N I O N |
| - vs - | | 1/8/2024 |
| | : | |
| DONALD Z. CARSON, III, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20220115

Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Donald Carson, was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a fifth-degree felony. Carson pled not guilty, and the case proceeded to a jury trial. The jury found Carson guilty, and the trial court imposed a ten-month prison sentence.

{¶ 2} Lieutenant Derek Pfeifer and Officer Derek Marcum found Carson asleep

behind the wheel of his vehicle on South Hinde Street in Washington Court House. When they approached, Lieutenant Pfeifer and Officer Marcum observed that Carson had marijuana and a baggie containing an off-white substance in his lap. Officer Marcum retrieved the baggie and woke up Carson. The off-white substance tested positive for methamphetamine.

{¶ 3} During trial, the state presented testimony from Lieutenant Pfeiffer and Officer Marcum. The state also presented evidence showing the off-white substance tested positive for methamphetamine. Carson testified on his own behalf stating that he "did not recall" having methamphetamine. He then accused law enforcement of planting the drugs on him. The jury found Carson guilty, and the trial court imposed a prison sentence. Carson timely appeals his conviction, raising two assignments of error for review:

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE DEFENDANT-APPELLANT'S CONVICTION FOR AGGRAVATED POSSESSION OF DRUGS (METHAMPHETAMINE)

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT AGAINST THE APPELLANT WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Carson's assignments of error challenge the sufficiency and weight of the evidence. The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of

the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 9}  A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another.  *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14.  In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 10} Carson was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(a), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance[.]"  "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).  "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." *Id.*

{¶ 11} Possession may be actual or constructive and is defined as "having control over a thing or substance."  R.C. 2925.01(K).  Actual possession exists where circumstances indicate that one has or had an item within his dominion or control. *State v. Hooks*, 12th Dist. Warren Case No. CA2000-01-003, 2000 Ohio App. LEXIS 4107, at *7 (Sep. 11, 2000).  Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession. *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 22.  Constructive possession may be proven by circumstantial evidence

alone. *Id.*

**{¶ 12}** In this case, Carson was in actual possession of the baggie of drugs. Lieutenant Pfeiffer and Officer Marcum testified they observed Carson sleeping with the baggie of drugs visible in his lap. The state introduced a photograph showing Carson asleep behind the wheel of his car with the plastic baggie plainly visible in his lap. The fact that Carson was asleep while the drugs were in his lap does not mean that he was not in possession of drugs or that he lacked the mens rea for the offense. *State v. Shelby*, 6th Dist. Wood No. WD-17-056, 2019-Ohio-1564, ¶ 26 (sleeping defendant was still in possession of drugs). The jury heard the testimony presented at trial, including Carson's claim that he did not "recall" having methamphetamine. The jury also heard Carson accuse law enforcement of planting drugs on him. The jury determined that Carson lacked credibility. A jury's verdict is not against the manifest weight of the evidence simply because the jury believed the testimony offered by the state. *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. This is because, as the trier of fact in this case, "the jury was in the best position to judge the credibility of witnesses and the weight to be given to the evidence." S*tate v. Johnson*, 12th Dist. Warren Nos. CA2019-07-076 and CA2019-08-080, 2020-Ohio-3501, ¶ 24.

**{¶ 13}** The jury's verdict finding Carson guilty of aggravated possession of drugs was supported by the evidence and was not against the manifest weight of the evidence. Carson's two assignments of error are overruled.

**{¶ 14}** Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.

- 4 -