[Cite as *State v. Kallenberger*, 2018-Ohio-2212.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-17-1156

      Appellee                              Trial Court No. CR0201602780

v.

Paul Kallenberger                         **DECISION AND JUDGMENT**

      Appellant                             Decided:  June 8, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Stephen D. Long, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Paul Kallenberger, appeals the June 22, 2017 judgment of the

Lucas County Court of Common Pleas, in which appellant was sentenced to one year

incarceration for possession of cocaine and heroin, and for trafficking in cocaine.

Finding no error, we affirm.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignment of error:

1. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29 AND APPELLANT'S CONVICTIONS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**Background**

{¶ 3} Appellant was pulled over by Toledo Police Department (TPD) Officers Robert Tyburski and Ryan Klump, for having no rearview mirror. Appellant had a warrant (or holder) issued for his arrest and, as a result, was arrested and placed in the back of the officers' vehicle. Appellant was transported to jail. After he was removed from the vehicle, Tyburski found a package of drugs.

{¶ 4} Both officers testified that it was TPD policy to search vehicles before a shift, and Tyburski confirmed he searched the vehicle prior to the shift during which appellant was arrested. Tyburski also confirmed there was no package in the back when appellant was placed in the vehicle. The package contained seven separate bags of drugs.

{¶ 5} Review of the dash-cam video shows appellant moving suspiciously erratic while in the backseat. Otherwise, the video does not show him removing any drugs from his person. However, the video was edited to remove appellant's private information.

2.

{¶ 6} Appellant was indicted on: possession of cocaine in violation of R.C. 2925.11(A),(C)(4)(b), a felony of the fourth degree; possession of heroin in violation of R.C. 2925(A),(C)(6)(a), a felony of the fifth degree; and trafficking in cocaine in violation of R.C. 2925.03(A)(2),(C)(4)(c), a felony of the fourth degree.

{¶ 7} Appellee offered appellant a plea deal, but it was rejected. Appellant proceeded to a jury trial. Officers Klump and Tyburski, along with TPD Detective Kenneth Heban, testified at trial. The jury found appellant guilty of all three charges.

{¶ 8} The trial court merged the possession of cocaine and the trafficking in cocaine for purposes of sentencing. The court ordered appellant to serve 12 months for the trafficking in cocaine, and 12 months for the possession of heroin. The sentences were set to run concurrently. The entry was journalized on June 22, 2017, and appellant timely appeals.

## Legal Analysis

{¶ 9} Appellant asserts three arguments in his sole assigned error. In the first and second arguments, appellant challenges the sufficiency of the evidence. We will address these arguments together. In the third, he challenges the weight and credibility of the evidence.

### 1. Sufficiency of the Evidence

{¶ 10} Crim.R. 29 motions for acquittal are reviewed under the same standard as a sufficiency of the evidence claim. *State v. Hollstein*, 6th Dist. Lucas No. L-08-1184, 2009-Ohio-4771, ¶ 28. Whether there is sufficient evidence to support a conviction is a

3.

question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, appellate courts will not weigh evidence or assess credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

### A. Possession of Cocaine

{¶ 11} R.C 2925.11(A) provides: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶ 12} Further, R.C. 2925.11(C)(4)(b) specifies as follows:

If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows: * * * (b) If the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine, possession of cocaine is a felony of the fourth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

4.

{¶ 13} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." *See State v. Steed*, 2016-Ohio-8088, 75 N.E.3d 816, ¶ 55 (6th Dist.), citing R.C. 2925.01(K).

{¶ 14} Possession of drugs may be actual or constructive. *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *Id*. The mere presence of an individual in an area where illegal drugs are found is, by itself, not sufficient to establish constructive possession of drugs. *State v. Durr*, 6th Dist. Sandusky No. S-97-056, 2000 Ohio App. LEXIS 3360, *11-12 (July 28, 2000). However, "constructive possession can be inferred from a totality of the evidence where sufficient evidence, in addition to proximity, supports dominion or control over the contraband." (Citation omitted.) *Id*. at *12.

{¶ 15} In this case, Officers Tyburski and Klump testified that it was TPD policy and protocol to search vehicles before a shift. Tyburski testified that he searched the vehicle on the day appellant was arrested and placed in the back, and that he did not see any bag or other article when placing appellant in the vehicle. He did, however, see the package which contained seven separate bags of drugs when appellant was removed. Based on the totality of the circumstances and the proximity of the package, any rational trier-of-fact could find that appellant constructively possessed the drugs.

5.

**{¶ 16}** Officer Heban testified that he submitted an analysis of the drugs to the TPD crime lab. Among those drugs found were "two individually packaged bags of powder cocaine." He described the contents of the packages of powder cocaine as follows: "According to this report, Item 1 is listed as two plastic bags containing white chunks and powder. Conclusion on that is that 5.4 grams of cocaine, HCI, which is cocaine hydrochloride powder cocaine."

**{¶ 17}** Additionally, Heban described the contents of another drug (in appearance) found within the package, as follows: "Number 2 two (sic) is listed as four plastic bags containing off-white chunky material. The conclusion on that was .82 grams of cocaine, crack cocaine." Along with the 5.4 grams of powder cocaine, this 0.82 grams of crack-cocaine equaled a total of 6.22 grams of cocaine. *See* R.C. 2925.11(C)(4)(b) (requiring 5 to 10 grams be possessed by offender to be charged under this provision).

**{¶ 18}** We are, therefore, satisfied sufficient evidence was presented and that any rational trier-of-fact could have found the elements of possession of cocaine in violation of R.C. 2925.11(C)(4)(b) proven beyond a reasonable doubt.

### B. Possession of Heroin

**{¶ 19}** R.C. 2925.11(C)(6)(a) provides:

> If the drug involved in the violation is heroin or a compound, mixture, preparation, or substance containing heroin, whoever violates division (A) of this section is guilty of possession of heroin. The penalty for the offense shall be determined as follows: (a) Except as otherwise

provided in division (C)(6)(b), (c), (d), (e), or (f) of this section, possession of heroin is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

*See also* R.C. 2925.11(A) and 2925.01(K), *supra*.

{¶ 20} Here, Heban described the contents of a third type of drug within the package, stating: "And number 3 is listed as one plastic bag containing white tan chunky powder— chunks and powder, excuse me. And the conclusion on that is .14 grams of heroin."

{¶ 21} Accordingly, we are satisfied sufficient evidence was presented and that any rational trier-of-fact could have found the essential elements of possession of heroin proven beyond a reasonable doubt.

## C. Trafficking in Cocaine

{¶ 22} R.C. 2925.03(A)(2) provides:

No person shall knowingly * * * (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

7.

{¶ 23} Moreover, R.C. 2925.03(C)(4)(c) states:

If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows: * * * (c) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine, trafficking in cocaine is a felony of the fourth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term for the offense. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the third degree, and there is a presumption for a prison term for the offense.

{¶ 24} Here, and as highlighted above, the drugs found to be in appellant's possession were split up into seven separate bags. Six of the bags contained varying amounts of cocaine, to total the 6.22 grams appellant possessed.

{¶ 25} Appellant specifically argues that because there was no direct evidence of him selling the cocaine, there is insufficient evidence for a rational trier-of-fact to conclude he intended to, or prepared to, sell the drug.

8.

**{¶ 26}** Nevertheless, we disagree and find there is sufficient, circumstantial evidence. This is based on Heban's testimony and the cocaine being split up into separate bags. A reasonable inference that the offender intended to sell or distribute drugs exists where an officer testifies that the drugs were packaged as if products to be sold. *See*, *e.g.*, *State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 19.

**{¶ 27}** More specifically, on direct examination Heban explained as follows:

[PROSECUTOR]: So you had two individually packaged bags of power cocaine and four individually packaged baggies of crack cocaine?

[HEBAN]: Correct.

[PROSECUTOR]: Have you ever seen packaging like that before?

[HEBAN]: I have, very often.

[PROSECUTOR]: What does that indicate to you?

[HEBAN]: That indicates to me that this is being trafficked. Meaning, it is being sold for profit.

[PROSECUTOR]: And why would it be individually packaged like that?

[HEBAN]: When we deal with individuals who are involved with narcotics trafficking, what they will do many times is weigh the drugs at [a] different location, whether it be their house or any location. They will weigh it and then package it, and when they go out to make deliveries and

sales, they will already have it packaged so they don't have to weigh, and weigh it out.

{¶ 28} As an illustration we point to *Lindow*, where the Ninth District Court of Appeals held that evidence was "sufficient to demonstrate that Lindow was involved in trafficking marijuana." *Id.* The prosecution relied on Lindow having 166 grams of cannabis split up into "numerous portable containers[.]" *Id.* A detective testified that, that amount was not a "personal use" amount and that cannabis users usually keep their cannabis in one bag. *Id. See also State v. Brooks*, 8th Dist. Cuyahoga No. 94978, 2011-Ohio-1679, ¶ 22 ("We find the manner in which the evidence was packaged compelling circumstantial evidence demonstrating Brooks's intent of selling the drugs.").

{¶ 29} Consistent with *Lindow*, we are satisfied any rational trier-of-fact could have found the essential elements of trafficking in cocaine beyond a reasonable doubt.

### 2. Manifest Weight of the Evidence

{¶ 30} In a manifest weight challenge, we must determine whether the greater amount of credible evidence supports the conviction. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12. This court sits as if the "thirteenth juror" and must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See*

10.

*State v. Leech*, 6th Dist. Lucas No. L-13-1156, 2015-Ohio-76, ¶ 32, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 31} Here, we have reviewed the evidence in the record, and we find this is not the exceptional case in which the evidence weighs heavily against the convictions. The testimony of the officers and detective provide competent, credible evidence appellant possessed cocaine and heroin and intended to sell cocaine. Accordingly, appellant's sole assigned error is found not well-taken.

## Conclusion

{¶ 32} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____

JUDGE

James D. Jensen, J.             

Christine E. Mayle, P.J.         _____
CONCUR.                                      JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.