[Cite as *State v. Lee*, 2021-Ohio-2544.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2020-09-014 |
| | | CA2020-09-015 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 7/26/2021 |
| KEENAN D. LEE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case Nos. CRI 20190290 and CRI 20190376


Jess C. Weade, Fayette County Prosecuting Attorney, and Sean M. Abbott, Assistant Prosecuting Attorney, for appellee.

Wolfe Law Group, LLC, and Stephen T. Wolfe, for appellant.


**BYRNE, J.**

{¶1} Appellant, Keenan Lee, appeals from his convictions in the Fayette County Court of Common Pleas for trafficking in cocaine, possession of cocaine, aggravated trafficking in drugs, aggravated possession of drugs, failure to comply, and tampering with evidence. For the reasons detailed below, we affirm Lee's convictions.

**I. Facts and Procedural Background**

{¶2} Lee's convictions arose out of two similar, but separate, interactions he had

with law enforcement on two different days: August 9, 2019 and October 10, 2019.

{¶3} On the evening of August 9, 2019, after dark, Patrolman Jeffrey Heinz of the Washington Court House Police Department was on bicycle patrol near the Jenni Lane Apartments when he observed a vehicle driving over the posted speed limit of 25 miles per hour. Patrolman Heinz attempted to effectuate a traffic stop but the driver, later determined to be Lee, accelerated past the patrolman. Lee drove a short distance then ditched the vehicle and fled on foot. Patrolman Heinz chased Lee. During the chase Patrolman Heinz observed that Lee had something in his hand. Two other patrolmen, Edwin Stapleton and Adam Phillips, arrived on scene and joined the pursuit. Patrolman Heinz continued to chase Lee and remained in close proximity to him until he was cut off by the other two officers and lost sight of him for a short period of time. Lee eventually fell to the ground where he was handcuffed and placed in custody. Patrolmen Phillips and Heinz then retraced the path of the chase. Under a parked car along the path of the chase the patrolmen located a large baggie containing several other smaller baggies. The baggies were filled with suspected narcotics. Subsequent testing confirmed the baggies contained approximately 32 grams of methamphetamine.

{¶4} The events of August 9 led to charges. On September 6, 2019, Lee was indicted for aggravated trafficking in methamphetamine in violation of R.C. 2925.03(A)(2) and (C)(1)(d) and aggravated possession of methamphetamine in violation of R.C. 2925.11(A) and (C)(1)(c), both second-degree felonies.[1] Lee pleaded not guilty. This case was assigned case number CRI 20190290.

---

1. Law enforcement also conducted an inventory search of the vehicle and discovered marijuana, a liquor bottle, a small bag of white powder, and suspected drug residue on the back seat of the vehicle. The record is silent as to whether the white powder and suspected drug residue were tested or confirmed, and the marijuana was not included in the charges brought against Lee.

{¶5}    The second incident occurred a little over two months after the August 9 incident and a month after Lee's indictment.  On the evening of October 10, after dark, Patrolman Stapleton observed a car driving with no rear lights.  Patrolman Stapleton attempted to effectuate a traffic stop.  Instead of complying, the driver of the vehicle – later determined to be Lee – accelerated and led Patrolman Stapleton on a high-speed chase.  The driver accelerated to speeds between 80 and 100 miles per hour through the streets of Washington Court House.

{¶6}    When the vehicle finally stopped, Lee got out of the car and fled.  The passenger in the vehicle, Davion Carson, did not run and was taken into custody.  Lee was apprehended a short while later.  Following Lee's arrest, Patrolmen Heinz and Phillips again retraced the path of the chase.  They found three bags of suspected narcotics along the right side of the road at various locations along the path of the chase.  Testing confirmed the bags contained cocaine, methamphetamine, and heroin.

{¶7}    The October 10 incident also led to charges.  On November 1, 2019, Lee was indicted for trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(f) and possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(e), both first-degree felonies, aggravated trafficking in methamphetamine in violation of R.C. 2925.03(A)(2) and (C)(1)(d) and aggravated possession of methamphetamine in violation of R.C. 2925.11(A) and (C)(1)(c), both second-degree felonies, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third-degree felony, and tampering with evidence in violation of R.C. 2921.12(A)(1), also a third-degree felony.[2]  Lee

---

2. No charges were brought regarding the heroin; the record is silent as to why.  Nor did the charges relate to the suspected narcotics that were found in Lee's car in the space between the passenger seat and the center console.  The record does not reveal what testing revealed about the nature of these suspected narcotics.

pleaded not guilty.  This case was assigned case number CRI 20190376.

{¶8}    Lee's two cases, CRI 20190290 and CRI 20190376, were tried together to a jury.  The state presented testimony from the three Washington Court House patrolmen involved in the August and October incidents.  At the conclusion of the state's case-in-chief, Lee moved for acquittal pursuant to Crim.R. 29.  The trial court denied the motion.  Lee rested his defense without calling any witnesses, and the case was submitted to the jury for deliberation.  The jury returned guilty verdicts on each count alleged in the indictments.  The trial court sentenced Lee to a minimum of 15 years and a maximum of 19 years in prison.

## II.  Law and Analysis

{¶9}    Lee now appeals, raising three assignments of error.  We will address Lee's assignments of error out of order.

{¶10}  Assignment of Error No. 2:

{¶11}  THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS AND THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.

{¶12}  Assignment of Error No. 3:

{¶13}  THE JURY'S VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14}  In his second and third assignments of error, Lee argues the trial court erred by denying his Crim.R. 29 motion for acquittal and that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.

{¶15}  Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of

acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion pursuant to the same standard as that used to review a sufficiency-of-the-evidence claim. *State v. Mota*, 12th Dist. Warren No. CA2007-06-082, 2008-Ohio-4163, ¶ 5.

{¶16} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22. In other words, the test for sufficiency requires a determination as to whether the state has met its burden of production at trial. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 34.

{¶17} A manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 34. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 13. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required

to reverse a judgment on the weight of the evidence in a jury trial. *State v. Dinka*, 12th Dist. Warren No. CA2014-01-002, 2015-Ohio-63, ¶ 11.

{¶18} Although the concepts of sufficiency of the evidence and weight of the evidence are legally distinct, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

**A. August 9 Incident**

{¶19} We first address Lee's convictions for aggravated possession of drugs and aggravated trafficking in drugs arising out of the events of August 9.

{¶20} Lee was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(c). R.C. 2925.11(A) provides "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." R.C. 2925.11(C)(1)(c) provides that a violation of R.C. 2925.11(A) is "aggravated" and a second-degree felony if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount. R.C. 2925.11(C)(1)(c) only applies to certain drugs, including methamphetamine.

{¶21} "Possession" is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Fultz*, 12th Dist. Butler No. CA2015-06-103, 2016-Ohio-1486, ¶ 12. Constructive possession exists when one is conscious of the

- 6 -

presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession. *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 22. "Constructive possession may be proven by circumstantial evidence alone." *Fultz* at ¶ 12.

{¶22} Lee was also convicted of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d). R.C. 2925.03(A)(2) provides that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or controlled substance analog is intended for sale or resale by the offender or another person." R.C. 2925.03(C)(1)(d) provides that trafficking is "aggravated" and a second-degree felony if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount. R.C. 2925.03(C)(1)(d). As with the possession statute, R.C. 2925.03(C)(1)(d) only applies to certain drugs, including methamphetamine.

{¶23} Both the possession statute and the trafficking statute apply to an offender who "knowingly" engages in the conduct prohibited. R.C. 2925.11(A); R.C. 2925.03(A)(2). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "A person has knowledge of circumstances when the person is aware that such circumstances probably exist." *Id.*

{¶24} "[C]ircumstantial evidence may be used to establish the offense of drug trafficking." *State v. Luna*, 12th Dist. Butler No. CA2008-04-115, 2009-Ohio-3421, ¶ 27. Furthermore, as we have previously recognized, "'plastic baggies, digital scales, and large sums of money are often used in drug trafficking [and such items] constitute circumstantial

evidence that appellant was using these items to commit that crime.'" *State v. Trammell*, 12th Dist. Butler Nos. CA2016-11-220 thru CA2016-11-222, 2017-Ohio-8198, ¶ 48, quoting *State v. Harry*, 12th Dist. Butler No. CA2008-01-013, 2008-Ohio-6380, ¶ 50.

{¶25} Following review, we find Lee's convictions for aggravated possession and aggravated trafficking are supported by sufficient evidence and are not against the manifest weight of the evidence. Though the state's case was based on circumstantial evidence, it is well established that both circumstantial and direct evidence have the same probative value, and in some instances, certain facts can be established only by circumstantial evidence. *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 75; *State v. Crutchfield*, 12th Dist. Warren No. CA2005-11-121, 2006-Ohio-6549, ¶ 20.

{¶26} The state presented evidence that when Patrolman Heinz attempted to effectuate a traffic stop, Lee refused to stop his vehicle and continued driving, then ditched his vehicle, and then attempted to flee on foot. After Patrolman Heinz and the other patrolmen chased and apprehended Lee, law enforcement found a large baggie containing several smaller baggies of methamphetamine under a parked car along the path of the pursuit. This amounts to circumstantial evidence that Lee possessed those drugs and tossed the drugs while law enforcement attempted to apprehend him. The fact that none of the patrolmen saw Lee throw the drugs under the car did not require the jury to find that the drugs were not Lee's as the chase occurred at night, while Lee and the patrolmen were running, and the officers would not necessarily have been able to see Lee throw the drugs. In addition, at some point during the chase Patrolman Heinz observed that Lee had something in his hand, and that object was no longer in his hand at the time he was apprehended.

{¶27} The fact that the baggie found under the parked vehicle contained multiple

smaller baggies was presented by the state as evidence that Lee was knowingly transporting methamphetamine intended for sale or resale. This type of evidence can support a trafficking conviction. *See, e.g., State v. Kallenberger*, 6th Dist. Lucas No. L-17-1156, 2018-Ohio-2212, ¶ 26 ("[a] reasonable inference that the offender intended to sell or distribute drugs exists where an officer testifies that the drugs were packaged as if products were to be sold"); *State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 19 (quantity and manner in which the marijuana had been separated was indicative of drug dealing). Here, Lee possessed approximately 32 grams of methamphetamine. Patrolman Heinz testified that a bulk amount of methamphetamine is three grams, which means that Lee was in possession of more than 10 times the bulk amount of the drug. Patrolman Heinz testified that a typical user of methamphetamine might typically possess less than half a gram to 0.1 grams of methamphetamine. Based on his training and experience, Patrolman Heinz testified that the amount of drugs Lee possessed was consistent with drug trafficking. *State v. Young*, 8th Dist. Cuyahoga No. 92744, 2010-Ohio-3402, ¶ 19 ("police officers may testify to the nature and amount of drugs and its significance in drug trafficking"). The amount certainly fell within the range of "aggravated" trafficking as defined by the statute. R.C. 2925.03(C)(1)(d).

{¶28} Considering these facts and circumstances, we find Lee's convictions for the aggravated possession and aggravated trafficking of methamphetamine on August 9 were supported by sufficient evidence and were not against the manifest weight of the evidence. Likewise, the trial court did not err in denying Lee's Crim.R. 29(A) motion. *Mota*, 2008-Ohio-4163 at ¶ 5 (same standard applies to review of denial of Crim.R. 29(A) motion as applies to review of sufficiency-of-the-evidence claim).

**B. October 10 Incident**

{¶29} We now turn to Lee's sufficiency of the evidence, weight of the evidence, and Crim.R. 29(A) arguments with regard to his convictions for possession of drugs (cocaine), trafficking in drugs (cocaine), aggravated possession of drugs (methamphetamine), aggravated trafficking in drugs (methamphetamine), and tampering with evidence arising out of the events of October 10. Lee did not challenge his conviction for failure to comply on appeal, so we do not address that particular conviction.

**1. Possession and Trafficking**

{¶30} As just mentioned, the October 10 incident led to possession and trafficking charges with respect to methamphetamine and cocaine. We have already described the elements of the crimes of possession of drugs and trafficking of drugs, as well as the "aggravated" version of those crimes as applied to methamphetamine. With respect to cocaine, the same statutes – R.C. 2925.03 and R.C. 2925.11 – apply, but trafficking in cocaine and possession of cocaine are first-degree felonies if the amount of the drug involved equals or exceeds twenty-seven grams but is less than one hundred grams of cocaine. R.C. 2925.03(C)(4)(f); R.C. 2925.11(C)(4)(e).

{¶31} Lee was charged as the principal offender with regard to all four of the drug possession and trafficking offenses, but the state only presented circumstantial evidence that Lee possessed and trafficked the drugs. Lee argues that the state offered no evidence, circumstantial or direct, showing that Lee had any knowledge of the drugs that were found along the route of the October 10 chase. Lee argues that even if the drugs found along the route of the chase were ever in Lee's car, "common sense would dictate" that the drugs were thrown out of the car by Lee's passenger, Davion Carson, because the drugs were found on the right (passenger) side of the road. He further argues that the state offered no evidence demonstrating that Lee did anything that would make him complicit with Carson's

- 10 -

"hypothetical" actions in throwing the drugs out of the car.

{¶32} "'Although a defendant may be charged in an indictment as a principal, the court may instruct the jury on complicity where evidence at trial reasonably supports a finding that the defendant was an aider or abettor.'" *State v. Gonzalez*, 10th Dist. No. 10AP-628, 011-Ohio-1193, ¶ 24, quoting *State v. Hunter*, 10th Dist. Franklin No. 14AP-163, 2014-Ohio-4649, ¶ 23. The trial court did so here. According to the complicity statute, "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense." R.C. 2923.03(A)(2). To be complicit to a crime by aiding and abetting, "the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240 (2001), syllabus. "[A] person's mere association with a principal offender is not enough to sustain a conviction based upon aiding and abetting." *State v. Coldiron*, 12th Dist. Clermont Nos. CA2003-09-078 and CA2003-09-079, 2004-Ohio-5651, ¶ 17.

{¶33} The accused "must actively participate in some way and contribute to the unlawful act to aid or to abet." *State v. Davis*, 12th Dist. Madison No. CA2015-05-015, 2016-Ohio-1166, ¶ 49. Aiding and abetting may be shown through either direct or circumstantial evidence, and "participation in criminal intent may be inferred from the presence, companionship, and conduct before and after the offense is committed." *State v. Fletcher*, 12th Dist. Brown No. CA2016-08-016, 2017-Ohio-1006, ¶ 53.

{¶34} Following review of the record, we find the state presented sufficient evidence that Lee engaged in both the trafficking and possession of cocaine and methamphetamine and that his convictions are supported by the weight of the evidence. The state presented

- 11 -

testimony and evidence from which the jury could have found all the essential elements of the offenses proven beyond a reasonable doubt, and the jury did not clearly lose its way or create a manifest miscarriage of justice. *Sess* at ¶ 13.

{¶35} With respect to possession, the state presented evidence that Lee attempted to flee from Patrolman Stapleton after the patrolman attempted to effectuate a traffic stop. Lee sped away at speeds between 80 and 100 miles per hour through the streets of Washington Court House until he eventually ditched his vehicle and fled on foot. Lee's passenger, Davion Carson, did not flee. After Lee was captured, and upon retracing the route, Patrolmen Heinz and Phillips discovered three bags containing drugs along the path of the chase. Though this is circumstantial evidence of possession, as previously explained "[c]onstructive possession may be proven by circumstantial evidence alone." *Fultz* at ¶ 12. It was entirely proper for the jury to conclude that bags of drugs – especially in such large quantities – do not normally lay about the streets, and to conclude that the person that engaged in a high-speed police chase along the very route where the drugs were found was the possessor of those drugs.

{¶36} Even if we assume that Lee is correct that it was Carson, not Lee, who threw the drugs out of the window of Lee's car during the high-speed pursuit, it was Lee, not Carson, who decided to flee police at extreme speeds, rather than pull over when the patrolman attempted to effectuate a traffic stop. Likewise, it was Lee, not Carson, who ditched his car and attempted to flee on foot. The jury could find that these facts demonstrate that Lee "supported, assisted, encouraged, cooperated with, advised, or incited" Carson in the possession of the drugs, and that Lee "shared the criminal intent" of Carson. *Johnson*, 93 Ohio St. at 245-246. The jury could also find that these facts demonstrate that Lee "actively participate[d] * * * and contributed" to the possession of the

drugs. *Davis*, 2016-Ohio-1166 at ¶ 49. Lee's actions on the evening of October 10 were more than sufficient to prove that he aided and abetted Carson in the possession of the drugs, and that Lee acted knowingly. *Fletcher*, 2017-Ohio-1006 at ¶ 53. We find the state presented sufficient evidence that Lee possessed the methamphetamine and cocaine and that his convictions for possession were supported by the weight of the evidence. The state presented testimony and evidence from which the jury could have found all the essential elements of the possession offenses proven beyond a reasonable doubt.

{¶37} With respect to trafficking, the same facts and reasoning apply. But additionally, the state presented evidence that the bags found along the path of the pursuit contained large quantities of both cocaine and methamphetamine far exceeding the bulk amounts – specifically, two bags of cocaine weighting 37 grams, and one bag of methamphetamine weighing 20 grams. *See, e.g., supra, Kallenberger*, 2018-Ohio-2212 at ¶ 26; *Lindow*, 2016-Ohio-913 at ¶ 19; *Young*, 2010-Ohio-3402 at ¶ 19. Patrolman Heinz testified that the amount of drugs found were consistent with trafficking and inconsistent with personal use. In addition, to the weight and variety of drugs, Patrolman Heinz also testified that he found a number of empty plastic baggies along the route along which Lee attempted to flee from law enforcement. We find the state presented sufficient evidence that Lee trafficked or aided and abetted Carson in trafficking the methamphetamine and cocaine and that his convictions are supported by the weight of the evidence. The state presented testimony and evidence from which a reasonable juror could have found all the essential elements of the trafficking offenses proven beyond a reasonable doubt. Likewise, the trial court did not err by denying Lee's motion for acquittal pursuant to Crim. R. 29.

### 2. Tampering with evidence

{¶38} Lee was further convicted of tampering with evidence in violation of R.C.

2921.12(A)(1), which provides in relevant part that "[n]o person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * * [a]lter, destroy, conceal, or remove any thing with purpose to impair its value or availability as evidence in such proceeding or investigation."

{¶39} A conviction for tampering with evidence requires "proof that the defendant intended to impair the value or availability of evidence that related to an existing or likely official investigation or proceeding." *State v. Straley*, 139 Ohio St.3d 339, 2014-Ohio-2139, ¶ 19. "Likelihood is measured at the time of the act of alleged tampering." *Id.* Tampering with evidence requires a person to act with purpose, meaning the person has a specific intention to cause a certain result. *See* R.C. 2901.22(A). Purpose is generally shown by circumstantial evidence. *State v. Taylor*, 12th Dist. Fayette No. CA2018-11-021, 2019-Ohio-3437, ¶ 51.

{¶40} On appeal, Lee maintains that he could not be found guilty of tampering with evidence because he had no knowledge that he was being investigated for drug trafficking until after he was apprehended when the drugs were found. However, contrary to Lee's argument, we find the jury could reasonably find him guilty of tampering with evidence. As held by our sister district "[d]iscarding a bag of drugs from one's person during a chase is precisely the sort of conduct the tampering statute contemplates," and a factfinder could reasonably infer that a criminal defendant did so in order to prevent the item from being discovered by placing it out of sight or otherwise getting rid of it. *State v. Peacock*, 3d Dist. Seneca No. 13-16-26, 2017-Ohio-2592, ¶ 23. In this case, a jury could have reasonably concluded that Lee knew an investigation into his drug activities was likely to occur and that he threw or aided and abetted Carson in throwing the baggies in an effort to impair the value or availability of that evidence in a likely investigation. *State v. Campbell*, 9th Dist. Medina

No. 18CA0005-M, 2019-Ohio-583, ¶ 14. Accordingly, we find Lee's conviction for tampering with evidence is based on sufficient evidence and is not against the manifest weight of the evidence and the trial court did not err by denying Lee's motion for acquittal pursuant to Crim. R. 29.

{¶41} For the foregoing reasons, Lee's second and third assignments of error are without merit and are hereby overruled.

{¶42} Assignment of Error No. 1:

{¶43} THE TRIAL COURT ERRED WHEN IT GAVE THE JURY A COMPLICITY INSTRUCTION.

{¶44} In his first assignment of error, Lee argues that the trial court erred by giving a complicity instruction because the evidence did not support a finding that he was an aider or abettor.

{¶45} Lee acknowledges he failed to object to the trial court's complicity instruction and, therefore, he waived all but plain error. *State v. Evick*, 12th Dist. Clermont No. CA2018-03-016, 2019-Ohio-2791, ¶ 24. To constitute plain error there must be a deviation from a legal rule. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Second, the error must be fundamental, palpable, and obvious on the record such that it should have been apparent to the court without an objection. *State v. Barnette*, 12th Dist Butler No. CA2012-05-099, 2013-Ohio-990, ¶ 30. Third, the error must have affected appellant's substantial rights, i.e., the error affected the outcome of the trial. *Barnes* at 27. An appellate court will take notice of plain error with "utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Baldev*, 12th Dist. Butler No. CA2004-05-106, 2005-Ohio-2369, ¶ 12.

{¶46} As previously noted, Lee was charged as the principal offender for the

offenses committed on both August 9 and October 10 even though he had a passenger in his vehicle during the October 10 incident. The trial court provided the complicity instruction because of testimony offered during the state's case-in-chief and in response to arguments raised by Lee's trial counsel, who argued that Lee's passenger was the responsible party. On direct examination Patrolman Heinz testified that when he retraced the path of the chase, he discovered the drugs were located on the right side of the road. To Patrolman Heinz, this suggested that the drugs had come from the passenger side of the vehicle. During closing arguments Lee's trial counsel suggested that the passenger, Davion Carson, was the one who possessed the drugs and threw them from the vehicle. Since Lee raised the issue, the state countered in rebuttal that Lee was still culpable for the offense whether he was the principal offender or was merely complicit in the undertaking.

{¶47} Following review, we find the trial court did not commit plain error by providing a complicity instruction. As noted above, Lee's counsel raised the argument himself that because the drugs were found on the right side of the road, they must have been thrown out the passenger window by Davion Carson. The state correctly responded by arguing that the state was not required to produce direct evidence that someone observed Lee throw the items out of the vehicle, but that the jury could consider circumstantial evidence that the items found along the road came from the fleeing car. Given the trial testimony and the arguments raised by counsel, the complicity instruction was necessary to provide accurate instructions for the jury. *State v. Roberts*, 12th Dist. Butler No. CA2001-09-203, 2002-Ohio-4482, ¶ 26 ("[w]ith respect to an allegedly improper jury instruction, plain error exists only where, but for the error, the outcome of the trial would have been clearly different"), citing *State v. Underwood*, 3 Ohio St.3d 12 (1983), syllabus. *See, e.g., State v. Laghaoui*, 12th Dist. Warren No. CA2017-06-098, 2018-Ohio-2261, ¶ 29 (no error, let alone

plain error, where state requested jury instruction in direct response to argument raised by the defendant).  Moreover, even if the trial court had erred in providing such an instruction, we find it would not have affected the outcome of the trial where the state presented ample circumstantial evidence to sustain Lee's convictions.  Lee's first assignment of error is overruled.

{¶48}  Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.