[Cite as *State v. Gordon*, 2025-Ohio-1667.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| RAHEEM GORDON | Case No. 2024CA00157 |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Stark County Court of
Common Pleas, Case No. 2025CR0501

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 8, 2025

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

KYLE L. STONE                             BERNARD L. HUNT
Prosecuting Attorney                    2395 McGinty Road, N.W.
Stark County, Ohio                     North Canton, Ohio 44720

VICKI L. DESANTIS
Assistant Prosecuitng Attorney
Appellate Division
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1} Defendant-appellant Raheem Gordon appeals his convictions and sentence entered by the Stark County Court of Common Pleas on one count of aggravated possession of drugs, one count of having weapons while under disability, one count of possession of cocaine, and one count of possession of a fentanyl-related compound, following a jury trial. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On April 12, 2024, the Stark County Grand Jury indicted Appellant on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree (Count I); one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2)(B), a felony of the third degree (Count II); one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(b), a felony of the fourth degree (Count III); and one count of possession of a fentanyl-related compound, in violation of R.C. 2925.11(A)(C)(11)(b), a felony of the fourth degree. After Appellant failed to appear at his arraignment on May 3, 2024, the trial court issued a capias for his arrest and revoked his bond. The capias was returned on May 9, 2024. Appellant appeared for arraignment on May 10, 2024, and entered a plea of not guilty to the charges.

{¶3} A jury trial commenced on July 17, 2024. The following evidence was presented at trial:

{¶4} Trooper Josiah Custer of the Ohio State Highway Patrol testified he and Trooper Nicholas Hinton, a trainee, were working the night shift on February 24, 2024. At approximately 1:00 a.m., while in the city of Massillon, the troopers observed a black Kia Forte speeding. Trooper Custer attempted to effectuate a traffic stop, but the driver failed to comply. The driver sped off, running a number of stop lights. The driver turned onto

several side roads and failed to stop at the stop signs. A supervisor advised the troopers to terminate their pursuit. Trooper Custer lost sight of the Kia, however, within five minutes, the Massillon Police located and stopped the vehicle.

{¶5} Trooper Custer arrived at the scene and made contact with the occupants of the Kia, Janessa Daugherty and Appellant. When Massillon Police detained the Kia, Daugherty was in the driver's seat and Appellant was in the front passenger seat. Trooper Custer spoke with Daugherty, who was subsequently arrested for OVI. Thereafter, Trooper Custer spoke with Appellant, who had been placed in the back of the Massillon PD cruiser. Trooper Custer noted Appellant appeared intoxicated and a strong odor of an alcoholic beverage emanated from his person and his breath. Appellant slurred his speech at times, his eyes were red and glassy, and he showed signs of impairment.

{¶6} Both Appellant and Daugherty denied ownership of the Kia. Trooper Custer explained a decision was made to have the Kia towed because it had been involved in the fleeing and pursuit. Prior to the Kia being towed, Trooper Custer conducted an inventory search of the vehicle. The State played a video of Trooper Custer's body camera for the jury, which included the inventory search.

{¶7} During the inventory search, Trooper Custer initially located an open container of alcohol and a digital scale in the center console of the vehicle. Under the right front passenger floorboard, Trooper Custer discovered a plastic bag covering a bag of drugs. Trooper Custer explained the area in which the drugs were located would be immediately accessible to an individual seated in the front passenger seat. Trooper Custer suspected the drugs were methamphetamine and cocaine. The bag also contained drugs individually packaged in small foil wrappers. In addition, Trooper Custer

found a loaded firearm and drugs under the passenger seat where Appellant had been sitting. After the loaded firearm was found under the passenger seat, Appellant was placed under arrest.

{¶8} Trooper Custer completed the inventory search and located unopened containers of alcohol and items of men's clothing in the trunk. The trooper then conducted a search of Appellant's person, which yielded "a large pile or handful of cash," "a gold chain, either a necklace or a bracelet, some bags of marijuana and some trash as well as [Appellant's] ID". Trial Transcript at pp. 146-147.

{¶9} Appellant and Daugherty were booked into the Stark County Jail. Trooper Custer completed an incident report. The drugs seized during the inventory search were sent to the crime lab for testing. The drugs tested positive for methamphetamine, cocaine, and a mixture of cocaine, fentanyl, and xylazine (a large animal tranquilizer). Trooper Custer identified the firearm located under the passenger seat as a Smith & Wesson .40-caliber handgun. The trooper test fired the weapon at the State Highway Patrol Post and found it to be operable. The trooper subsequently learned the Kia was a rental vehicle. Because neither Appellant nor Daugherty claimed ownership of the firearm or drugs, both were charged with possession of drugs and possession of a firearm.

{¶10} On cross-examination, Trooper Custer stated Appellant never admitted the drugs, other than the marijuana found on his person, or the firearm belonged to him, and never gave any indication he was aware the drugs and firearm were in the vehicle. Trooper Custer acknowledged, because the Kia was a small vehicle, the driver could have reached over to the area in which the drugs were found under the floorboard. Trooper Custer also conceded the firearm was not tested for DNA or dusted for fingerprints.

**{¶11}** Brandon Werry testified he is employed by the Ohio State Highway Patrol Crime Lab in Columbus, Ohio, as the director over controlled substance testing. Director Werry performed the analysis of the evidence sent to the lab by the Wooster Post of the Highway Patrol in the instant matter. Director Werry identified the laboratory report he authored and explained the chain of custody policy used for testing drug evidence. He also identified the five substances he received and analyzed.

**{¶12}** Director Werry testified, to a reasonable degree of scientific certainty, Item 1, methamphetamine, a scheduled II controlled substance in Ohio, weighed 12.8757 grams, plus or minus 0.0060 grams. Director Werry found Item 2 weighed 1.5261 grams, plus or minus 0.0060 grams, of cocaine, a scheduled II controlled substance in Ohio; and Item 3 weighed 2.5963 grams, plus or minus 0.0050 grams, of cocaine, a scheduled II controlled substance in Ohio. Director Werry stated Item 4 contained 2.0121 grams, plus or minus 0.0060 grams, of three substances: cocaine and fentanyl, scheduled II controlled substances in Ohio, and xylazine, a scheduled III controlled substance in Ohio. Finally, Director Werry explained Item 5 contained .5340 grams, plus or minus 0.0060 grams, of three substances: cocaine and fentanyl, scheduled II controlled substances, and xylazine, a scheduled III controlled substance in Ohio. Counsel for Appellant did not cross-examine Director Werry.

**{¶13}** Upon the conclusion of Director Werry's testimony, the State rested its case. Appellant did not call any witnesses on his behalf.

**{¶14}** After hearing all the evidence and deliberating, the jury found Appellant guilty of the four counts in the Indictment. The trial court sentenced Appellant to an aggregate prison term of sixty (60) months.

**{¶15}** It is from his convictions and sentence Appellant appeals, raising the following assignments of error:

I. APPELLANT'S CONVICTIONS WERE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.

II. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I, II

**{¶16}** In his first and second assignments of error, Appellant asserts his convictions were not supported by legally sufficient evidence and were against the manifest weight of the evidence. Specifically, Appellant contends the evidence presented by the State "[fell] short of proving Appellant knowingly possessed the drugs and firearm." Brief of Appellant at p. 6. We disagree.

**{¶17}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, paragraph two of the syllabus (1997). Sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, while weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386–387. A finding a conviction is supported by the manifest weight of the evidence, however, necessarily includes a finding the conviction is supported by sufficient evidence and will therefore be dispositive of the issues of sufficiency of the evidence. *State v. McCrary*, 2011-Ohio-3161, ¶ 11 (10th Dist.).

{¶18} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

{¶19} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist. 1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶20} Appellant was convicted of one count of aggravated possession of drugs, one count of possession of cocaine, and one count of possession of a fentanyl-related compound, in violation of different subsections of R.C. 2925.11(A). To establish a conviction for possession of drugs, in violation of R.C. 2925.11(A), the State must prove the defendant "knowingly obtain[ed], possess[ed], or use[d] a controlled substance." R.C. 2925.11(A).

{¶21} A person acts "knowingly," regardless of purpose, when he is aware his conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the

doing of the act itself. (Citation omitted.) *State v. Wilson*, 2004 -Ohio-1566, ¶ 34. Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." (Citations omitted.) *Id.*

{¶22} To "possess" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Lee*, 2021-Ohio-2544, ¶ 21 (12th Dist.).

{¶23} "Constructive possession exists when one is conscious of the presence of the object and able to exercise dominion and control over it, even if it is not within one's immediate physical possession." *Id.*, citing *State v. Graves*, 2015-Ohio-3936, ¶ 22 (12th Dist.). "Constructive possession may be proven by circumstantial evidence alone." *State v. Fultz*, 2016-Ohio-1486, ¶ 12 (12th Dist.). "Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, are evidence that the trier of fact can consider in determining whether the defendant had constructive possession." *Id.* "The discovery of readily accessible drugs in close proximity to the accused constitutes circumstantial evidence that the accused was in constructive possession of the drugs." *Id.* at ¶ 13.

{¶24} Construing the evidence in a light most favorable to the State, we find the evidence was sufficient to establish Appellant had constructive possession of the drugs located in the Kia. Appellant was seated in the passenger seat of the vehicle. Trooper Custer located drugs under the passenger seat. The trooper also discovered additional

drugs under the floorboard on the passenger side of the vehicle which would place the contraband under Appellant's feet. Thus, the drugs were easily accessible to Appellant.

**{¶25}** Appellant also maintains his conviction for having weapons while under disability, was not supported by legally sufficient evidence. To "have" a firearm within the meaning of R.C. 2923.13(A), "a person must have actual or constructive possession of the firearm." (Citations omitted.) *State v. Thompson*, 2024-Ohio-2112, ¶ 44 (12th Dist.). Ownership of the weapon, however, "need not be proven to establish constructive possession." *State v. Brooks*, 2007-Ohio-506, ¶ 23 (9th Dist.). To reiterate, "[a]n accused has 'constructive possession' of an item when the accused is conscious of the item's presence and is able to exercise dominion and control over it, even if the item is not within the accused's immediate physical possession." *State v. Jester*, 2012-Ohio-544, ¶ 25 (12th Dist.) "Dominion and control can be proven by circumstantial evidence alone." *State v. Brown*, 2007-Ohio-7070, ¶ 43 (12th Dist.).

**{¶26}** Construing the evidence in a light most favorable to the State, we find the evidence was sufficient to establish Appellant had constructive possession of the firearm located in the Kia. Appellant was seated in the passenger seat of the vehicle. The firearm was located under the passenger seat. The discovery of the readily and easily accessible firearm in close proximity to Appellant constitutes circumstantial evidence he was in constructive possession of the weapon.

**{¶27}** Additionally, we find Appellant's convictions were not against the manifest weight of the evidence. Because the drugs and firearm were found in close proximity to Appellant's person, under the passenger seat and under the floorboard by his feet, we find the jury could reasonably infer from the evidence presented at trial Appellant

constructively possessed the drugs and firearm. "The jury is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of proffered testimony." *State v. Fox.* 2009-Ohio-556, ¶ 18 (12th Dist.).

{¶28} Appellant's first and second assignments of error are overruled.

{¶29} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
King, J. concur